**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


**JAMES WILD,**
*As Conservator of Estate of*
*Isabelle M. Wild, a protected*
*Individual,*

    **Plaintiff,**                            **Case No. 04-CV-73146**

**v.**                                      **HONORABLE DENISE PAGE HOOD**

**GENERAL ELECTRIC**
**CAPITAL ASSURANCE**
**COMPANY,**

    **Defendant.**

_____/

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I.  INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment, filed on May 16, 2005.  Plaintiff filed his response on June 8, 2005.  Defendant did not file a reply.

Plaintiff James Wild alleges breach of contract of a long term care insurance policy sold by Defendant General Electric Capital Assurance Company.  Plaintiff is the son and conservator of estate of a policy holder.

Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56(c).  Defendant alleges there is no genuine issue of material fact as to whether it fulfilled its contractual obligations under its insurance policy.  Plaintiff responds that there is a genuine issue of material fact as to whether Defendant fulfilled its contractual obligations, and that Defendant has not presented any information in its motion for summary judgment to show otherwise.

## II.  STATEMENT OF THE FACTS

Defendant sells a Long Term Care insurance policy.  Due to the possibility of the policy holder becoming mentally ill and lacking the capacity to make an insurance payment, the policy allows one person other than the policy holder to be notified if the policy holder fails to make an annual payment.  That person can then ensure that payment is made, preventing the loss of insurance coverage.  *Def.'s Br. in Supp. of Mot. for Summ. J. at 1; Pl.'s Br. in Supp. at 2*.

Defendant inputs all policy information for each policy holder into a computer program called CLOAS, which calculates and schedules dates on which billing notices and lapse notices are to be sent.  This billing and lapse information is conveyed through CLOAS to an independent organization named Regulus.  Regulus employees physically generate and mail the notices to policy holder and to the other person designated by the policy holder to receive lapse notices.  Defendant does not retain copies of lapse notices that are sent.  *Def 's Br. in Supp. of Mot. for Summ. J. at 2, Pl.'s Br. In Supp. at 3*.  Defendant has not provided any information suggesting that Regulus retains copies of lapse notices that are sent.

On October 6, 1997, Isabelle Wild purchased a long term care insurance policy from Defendant with an annual premium of $3000.  She named Plaintiff, her son, as the person to be notified of lapse.  Isabelle Wild did not make her annual payment on October 6, 1998.  Notices of non-payment were sent to her, but payment was not made.  The insurance coverage lapsed.  On or about May 30, 2002, Isabelle Wild became incapacitated.  *Def.'s Br. in Supp. of Mot. for Summ. J. at 1; Pl.'s Br. in Supp. at 1-2*.

Plaintiff alleges Defendant breached the policy because it did not send him a notice of the lapse when Isabelle Wild failed to make her annual payment in 1998.  As a result of this alleged

2

breach, Plaintiff did not have an opportunity to provide payment either, and the insurance coverage

lapsed.  *Pl.'s Br. in Supp. at 4-7.*  Plaintiff alleges that he became aware of the coverage expiration

when Isabelle Wild became incapacitated in May of 2002.

Defendant alleges that plaintiff was sent a notice of lapse.  Defendant argues that there is no

genuine issue of material fact, that the facts are in favor of Defendant, and that as a result, the case

should be dismissed.  *Def 's Br. in Supp. of Mot. for Summ. J. at 3-6.*

## III.  STANDARD OF REVIEW

The procedure for considering whether summary judgment is appropriate is found in Fed.

R. Civ. P. 56(c), which states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories and admissions on file, together with affidavits, if any,
> show that there is no genuine issue as to any material fact and that the moving party
> is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party.  *Adickes*

*v. S.H. Kress & Co.*, 398 U.S. 144, 158-159 (1970).  Summary judgment will not be granted if a

dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986).  Summary judgment is appropriate, however, if the opposing party fails to make a showing

sufficient to establish the existence of an element essential to that party's case and on which the

party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope

that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present

affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Street*

*v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989).  The nonmoving party must present more than a mere scintilla of evidence in order to overcome the summary judgment motion.  *Id.*  It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts."  *Id.*  Also, "the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact."  *Id.*  The nonmoving party has an affirmative duty to direct the court's attention to the specific points on which it seeks to create a genuine issue of material fact.

## IV.  ANALYSIS

In order to support its Motion for Summary Judgment, Defendant must establish that there is no genuine issue of material fact by demonstrating that it did send a notice of lapse to Plaintiff. Fed. R. Civ. P. 56(c).

Defendant relies on the documentation from the CLOAS display screens to prove that notice of lapse was sent to Plaintiff.  The top half of the relevant display screen provided by Defendant provides policy billing information.  The bottom half of the display screen, labeled "Notice Information", only specifically states that notice was sent to Isabelle Wild on November 5, 1998. It does not state that notice was sent to Plaintiff.  *See Def.'s Br. in Supp. of Mot. for Summ. J., Ex. 1 at 4*.  No display screen provided by Defendant specifically states that notice was sent to Plaintiff. The Court finds the CLOAS display screens are insufficient to establish as a matter of law that notice was sent to Plaintiff.

Defendant also relies on the declaration of Peggy Ragland, a project manager of CLOAS employed by Defendant.  *Def.'s Br. in Supp. of Mot. for Summ. J., Ex. C*.  Defendant argues that Ragland's sworn testimony establishes that notice was sent to Plaintiff.  However, the Court notes

that Ragland is not an employee of Regulus.  While she may know the functions that Regulus is contracted to perform, she does not have actual knowledge of whether Regulus employees actually sent a notice to Plaintiff in this specific instance.  The Court finds Ragland's testimony is insufficient to establish that a notice was sent.

Viewing the evidence in the light most favorable to Plaintiff, the Court holds that there is a genuine issue of material fact as to whether Defendant sent a notification of lapse of the insurance policy to Plaintiff.


**V.  CONCLUSION**

For the above stated reasons, Defendant's Motion for Summary Judgment is DENIED.

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 15, filed May 16, 2005]** is DENIED.


    /s/ Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE


DATED:   August 15, 2005